## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JOSEPH LEWIS PRICE, | : | Civil No. 1:25-CV-00930 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHANY LOCKHART, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court are pending motions to dismiss the complaint.  (Docs. 43, 45).  Robert Joseph Lewis Price ("Plaintiff") has failed to respond to these motions despite court orders requiring him to do so.  (Doc. 46, 47).  Therefore, the court will grant Defendants' motions, dismiss the complaint, and close the case.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint dated May 15, 2025 in the Eastern District of Pennsylvania.  (Doc. 2.)  On May 27, 2025, the Eastern District of Pennsylvania transferred the action to this court.  (Doc. 6.)  On September 2, 2025, the court received and docketed a motion to amend the complaint with an attached proposed amended complaint.  (Doc. 26.)  This proposed amended complaint named three Defendants: (1) Stephany Lockhart ("Lockhart"); (2) James Wilbur ("Wilbur"); and (3) Princess Morgan ("Morgan").  (Doc. 29.)  The court

1

granted the motion to amend and filed the amended complaint as a separate document on the docket.  (Docs. 28, 29.)

On December 5, 2025, the court sent waiver of service forms to the three Defendants.  (Doc. 28.)  Waiver of Service forms were timely returned by Defendants.  (Docs. 34, 35, 40.)  On January 13, 2026, Defendant Lockhart filed a motion to dismiss the amended complaint and brief in support pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 43.)  Plaintiff did not file a brief in opposition by the deadline set forth in Local Rule 7.6.  On February 10, 2026, the court entered an order extending the deadline for a brief in opposition to March 6, 2026, notifying Plaintiff of his duty to file a brief in opposition under Local Rule 7.6, and informing him that Defendant Lockhart's motion could be granted without analysis of complaint's sufficiency if he failed to respond.  (Doc. 46.)  Plaintiff has yet to file a brief in opposition.

On February 6, 2026, Defendants Wilbur and Morgan filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 45.)  They filed their brief in support on February 20, 2026.  (Doc. 47.)  Plaintiff did not file a brief in opposition by the deadline set forth in Local Rule 7.6.  On March 16, 2026, the court entered an order extending the deadline for a brief in opposition to April 16, 2026, notifying Plaintiff of his duty to file a brief in opposition under Local Rule 7.6, and informing him that Defendant Wilbur and Morgan's motion

could be granted without analysis of complaint's sufficiency if he failed to respond.  (Doc. 48.)  Plaintiff has yet to file a brief in opposition.

## DISCUSSION

### A. Under the Rules of This Court Defendants' Motions Should Be Deemed Unopposed and Granted.

Under the Local Rules of this court, Plaintiff should be deemed to concur in this motion to dismiss since he has not timely opposed the motion or otherwise litigated this case.  This procedural failure completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this court Plaintiff's apparent refusal to act warrants dismissal of the action.  Local Rule 7.6 imposes an affirmative duty on Plaintiff to respond to motions:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion.  *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*  Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.  A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply

3

with the [R]ule after a specific direction to comply from the court.'" *Williams v. Lebanon Farms Disposal, Inc.*, No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)) (internal quotations omitted).  In this case, Plaintiff has not complied with Local Rules, or this court's order, by filing a timely response to Defendants' motion.  A failure by the court to enforce compliance with the rules and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir.1998)). Therefore, the court is obligated to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

In this case, Plaintiff has not complied with Local Rule 7.6 by not filing a timely response to Defendants' motion to dismiss.  This failure compels the court to apply the sanction called for under Rule 7.6, deem the motion to be unopposed, and grant Defendants' motion.

## B. Dismissal of This Case is Warranted Under Rule 41.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad, is governed by certain factors, commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson*, 296 F.3d at 190.

It is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing

5

these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson*, 296 F.3d 184; *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

In this case, an assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor–the extent of the party's personal responsibility–shows that the failure to respond to the court's prior orders is entirely attributable to Plaintiff, who as a *pro se* litigant has not abided by the court's order to respond to defense motions.

Similarly, the second *Poulis* factor–the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. Plaintiff's apparent refusal to litigate this case and respond to defense motions wholly frustrates and delays the resolution of this action. Defendants are plainly prejudiced by Plaintiff's continuing inaction. *Tillio*, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); *Reshard*, 256 F. App'x 506 (failure to comply with discovery compels dismissal); *Azubuko*, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

Under the third *Poulis* factor–the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . ., or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (some citations omitted). Here, Plaintiff has ignored two motions to dismiss, despite two orders to respond to these motions. Thus, Plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874.

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against Plaintiff in this case. The court must assess whether Plaintiff's conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. *Adams*, 29 F.3d at 875. At this juncture, Plaintiff has not complied with instructions of the court to respond to Defendants' motions to dismiss and he has previously not responded to these motions to dismiss for several months. This demonstrates that Plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the court's instructions.

Under the fifth *Poulis* factor–the effectiveness of sanctions other than dismissal–where the case involves a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe*, 538 F.3d at 262–63; *Emerson*, 296 F.3d at 191. Here, Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. By counseling Plaintiff on his obligations in this case at its inception through supplying the local rules, Doc. 8-3, and upon his failure to comply with those rules, he was made aware of his obligation to the court. (Docs. 46, 48.) Since he will not respond, the court sees lesser sanctions as unavailable.

Under the final *Poulis* factor, the court is to consider the meritoriousness of Plaintiff's claims. However, consideration of this factor cannot save Plaintiff's claims since he is noncompliant with the court's instructions. Plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of these claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single *Poulis* factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" *Briscoe*, 538 F.3d at 263 (quoting *Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373). Therefore, the untested merits of a non-compliant plaintiff's claims, standing alone, cannot

prevent dismissal of a case for failure to prosecute.  Therefore, a review of the

*Poulis* factors favors dismissal of this complaint.

### CONCLUSION

For the above-stated reasons, the court will grant Defendants' motions,

dismiss the amended complaint, and instruct the Clerk of Court to close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 21, 2026